IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CARMIE COLLEY,**

    **Plaintiff,**

vs.   No. CIV. 99-994 JP/LFG

**SANDIA NATIONAL LABORATORIES**
**LONG TERM DISABILITY PLAN**

    **Defendant,**

### MEMORANDUM OPINION AND ORDER

On June 2, 2000 Defendant filed objections to the Magistrate Judge's order authorizing additional discovery outside of the administrative record. (Doc. No. 25.) Defendant's objections to the Magistrate Judge's order will be granted.

**I.   Background**

On May 2, 2000 the Court issued a Memorandum Opinion and Order granting Defendants' motion to dismiss Plaintiff's state law claims as preempted by ERISA. (Doc. No. 19.) That same order allowed Plaintiff, after due consideration, to file another amended complaint stating only ERISA causes of action arising under section 502 and/or section 510, 29 U.S.C. §§ 1132, 1140. (See id. at 5, 11.) On May 15, 2000 Plaintiff filed her Second Amended Complaint for Violation of Sections 502(a)(1)(B) and 502(a)(3) of ERISA, naming Sandia National Laboratories Long Term Disabilities Plan as the sole defendant. (Doc. No. 21.)

The allegations in Plaintiff's Second Amended Complaint are as follows: Plaintiff worked for Sandia National Laboratories ("Sandia"). On January 14, 1994 Plaintiff was injured. On July 12, 1995 Sandia's doctors found Plaintiff to be totally disabled. Sandia then permanently

terminated Plaintiff's employment. Defendant Sandia National Laboratories Long Term Disabilities Plan ("plan") and/or Plaintiff's employer, Sandia Corporation ("Sandia"), and the plan administrator, UNUM Life Insurance Co. ("UNUM"), denied Plaintiff's application for disability benefits. Plaintiff alleges that Sandia is the plan's insurer and that Sandia gave UNUM erroneous information about Plaintiff's abilities after her termination.

Following the filing of the Second Amended Complaint and Defendant's answer, (Doc. No. 22), the Magistrate Judge sua sponte considered whether to allow discovery outside of the administrative record. The Magistrate Judge concluded that this case involved exceptional circumstances that justified conducting written discovery outside of the administrative record in order to determine if there was a legitimate basis for a section 510 claim and/or to determine if the denial of benefits was influenced by partiality based on a conflict of interests. (Doc. No. 24 at 3-4.)

Defendant objects to the Magistrate Judge's authorization of discovery because Plaintiff did not plead a section 510 claim, either affirmatively or by factual inference. (Doc. No. 25 at 2-4.) Defendant also asserts that Plaintiff's amended complaint does not name a proper defendant for a section 510 action, and that no basis exists for authorization of discovery outside of the administrative record on the section 502(a)(1)(B) and section 502(a)(3) claims that Plaintiff affirmatively pled. (See id. at 4-6.)

**II.     Standard of Review**

A district judge "shall consider [objections to a magistrate judge's order] and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). An order is clearly erroneous when "although there is evidence to

2

support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948), quoted in Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985).

**III.    Discussion**

After careful consideration, the Court finds that the Magistrate Judge erroneously permitted discovery outside of the administrative record.

    A.    Section 510

The Magistrate Judge's discovery order apparently authorized Plaintiff to conduct discovery on a potential section 510 claim. Section 510 of ERISA makes it "unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary" of an employee benefit plan for exercising her rights under ERISA or in order to interfere with the attainment of any ERISA rights to which the participant may become entitled. See 29 U.S.C. § 1140. It is common for discovery to be undertaken in section 510 cases in order to prove a defendant's unlawful action. See Dister v. Continental Group, Inc., 859 F.2d 1108, 1110 (2d Cir. 1988) (indicating "extensive" discovery allowed in a section 510 action); Bryant v. Food Lion, Inc., 100 F. Supp. 2d 346, 369 (D.S.C. 2000) (noting two years of discovery conducted on a section 510 claim); Russell v. Northrop Grumman Corp., 921 F. Supp. 143, 149 (E.D.N.Y. 1996) (indicating discovery allowed in a section 510 case). The rule on which the Magistrate Judge relied, prohibiting discovery outside of the administrative record, applies only to section 502 (a)(1)(B) actions. (Doc. No. 23 at 2-3;) Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109-11 (1989). Therefore, had Plaintiff pled a section 510 claim, discovery would have been authorized without special justification. The problem in this case is not that discovery is not

3

permissible in ERISA section 510 cases; instead it is the fact that no section 510 violation has been pled, either specifically or by inference.

While the Court did authorize Plaintiff to state a cause of action under section 510 in her amended complaint *if* she believed she had a basis for such a claim,[1] Plaintiff specifically pled only section 502(a)(1)(B) and section 502(a)(3) violations in her Second Amended Complaint.  She did not expressly plead a section 510 violation, nor do the facts alleged in Plaintiff's Second Amended Complaint imply a basis for such a claim.

Plaintiff's Second Amended Complaint states only that Sandia's doctors declared Plaintiff disabled and that Sandia then terminated Plaintiff's employment.  Plaintiff does not allege that she was discharged for the purpose of interfering with her ERISA benefits, nor does she state any facts on which such a claim might be based.  See Garratt v. Walker, 164 F.3d 1249, 1256 (10th Cir. 1998) (stating that in a section 510 action, plaintiff must show that interference with employee's benefits was a motivating factor behind employer's actions); Lindemann v. Mobil Oil Corp., 141 F.3d 290, 295 (7th Cir. 1998) (indicating that no action lies were an alleged loss of rights under a benefit plan is not a motivating factor behind the employee's termination).

Plaintiff is not required to use any magic words in her pleading in order to trigger a section

---

[1] Plaintiff will therefore be permitted to file an amended complaint stating a cause of action under section 510, but only on the following conditions: First, counsel for Plaintiff must carefully review the rather vast body of section 510 law and assess whether the facts of this case will support a claim under that statute.  Next, counsel must read Federal Rules of Civil Procedure 11.  If counsel then believes he may properly file an amended complaint with a section 510 claim, he may do so, but only in a manner consistent with the entirety of this Memorandum Opinion and Order.
(Doc. No. 19 at 5.)

510 claim, but the complaint must provide factual allegations sufficient to raise at least an inference that Plaintiff was discharged or discriminated against in order to interfere with her attainment of benefits. The Federal Rules of Civil Procedure are liberal in their allowance for pleadings and discovery. Rule 8(a)(2) requires only that a plaintiff plead a "short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 26(b)(1) allows discovery if the information sought is "reasonably calculated to lead to the discovery of admissible evidence" in light of the parties' claims and defenses. Here, because Plaintiff has not pled a section 510 claim, nor has she stated any facts which might form the basis of a section 510 claim,[2] no evidence related to such a claim will be relevant or admissible. As a result, discovery on this issue is unwarranted.

This conclusion is further supported by Plaintiff's failure to name a proper defendant for a section 510 claim. The Tenth Circuit has not yet ruled on whether a benefit plan itself is a proper party to a suit based on a section 510 violation. Defendant, however, argues persuasively that the plan is not a proper defendant for such a suit based on the fact that section 510 indicates it is unlawful for any "*person*" (emphasis added) to engage in the prohibited conduct. See 29 U.S.C. § 1140. The statute does not list the benefits plan in its definition of "person." See 29 U.S.C. § 1002 (9), cited in Swanson v. U.A. Local 13 Pension Plan, 779 F. Supp. 690, 701-02 (W.D.N.Y. 1991), aff'd 953 F.2d 636 (2d Cir. 1991); see also Adams v. Koppers Co., Inc., 684 F. Supp. 399, 401 (W.D. Pa. 1988).

---

[2] Plaintiff does affirmatively plead that Sandia "wrongfully responded to the Plan Administrator...stating that there were jobs at Sandia which could be performed by Plaintiff." (Doc. No. 21 ¶ 3.) Providing the plan administrator with false information is not, however, an action prohibited by section 510. Section 510 protects employees against "discharge, fine, suspen[sion], exp[ulsion], discipline, or discriminat[ion]." See 29 U.S.C. § 1140.

This omission of the benefit plan from the language of section 510 is no oversight. See Adams, 684 F. Supp. at 401. Section 510 was enacted primarily to prevent employers from discharging or harassing their employees in order to keep them from obtaining vested pension benefits. See Dewitt v. Penn-Del Directory Corp., 106 F.3d 514, 522 (3rd Cir. 1997); Place v. Abbott Laboratories, Inc., 938 F. Supp. 1379, 1387 (N.D. Ill. 1996); Humes v. McDonnell Douglas Corp., 922 F. Supp. 229, 233 (E.D. Mo. 1996). Because the purpose of section 510 was to protect employees from unscrupulous employers, the proper defendant in an action alleging its violation--the one envisioned by Congress--is the plaintiff's employer. See Swanson, 779 F. Supp. at 701-02.

It follows that, if Plaintiff in this case had intended to pursue a section 510 action, at the very least she would have named Sandia as a defendant along with the plan.[3] Given the Court's express mandate to consider a section 510 action in the earlier Memorandum Opinion and Order, the Court concludes that Plaintiff, having completely assessed her options, has determined that she does not have a valid claim under section 510 of ERISA and, therefore, did not name Sandia as a defendant nor plead a section 510 claim.

The Magistrate Judge also misconstrued the Court's Order in allowing discovery on a section 510 claim based on partiality. The Magistrate Judge indicated that discovery of additional evidence outside of the administrative record is justified in this case because Plaintiff's section 510 claim involves exceptional circumstances. (Doc. No. 23 at 3.) Because the Court has determined

---

[3] This court's Memorandum Opinion and Order ruled that the plan was the proper defendant for a section 502 claim, but did not assert the same for a potential section 510 action. The extensive discussion of proper defendants in ERISA section 502 claims in the Opinion should, however, have put Plaintiff's counsel on notice to carefully consider the proper defendants to name in Plaintiff's amended complaint.

6

that discovery could be conducted on a section 510 claim without the need for exceptional circumstances like evidence of partiality, this justification is unnecessary. Plaintiff will not be permitted to conduct additional discovery on a section 510 claim, not because her case lacks exceptional circumstances, but because no such claim exists. The proper place for a discussion of discovery outside of the administrative record based on partiality is in reference to a section 502(a)(1)(B) claim.

    B.    Section 502

Although the Court requires no showing of exceptional circumstances to justify discovery on a section 510 claim, the same is not true of claims based on the alleged violation of section 502(a)(1)(B).[4] Whether a plaintiff will be allowed to conduct discovery on a section 502(a)(1)(B) action requires a discussion of the special standard or review applied to these cases.

Where a benefit plan gives the plan administrator discretionary authority to determine eligibility for benefits, the discretionary actions of the administrator are reviewed under an arbitrary and capricious standard. See Firestone, 489 U.S. at 109-11. When reviewing a decision under this standard, the Court "generally may consider only the arguments and evidence before the administrator at the time it made that decision." Sandoval v. Aetna Life & Casualty Insurance Co., 967 F.2d 377, 381 (10th Cir. 1992); see also Chambers v. Family Health Plan Corp., 100 F.3d 818, 823-24 (10th Cir. 1996); Woolsey v. Marion Lab., Inc., 934 F.2d 1452, 460 (10th Cr. 1991); Perry v. Simplicity Engineering, 900 F.2d 963, 967 (6th Cir. 1990). This is so because the

---

[4] Because Plaintiff's claim under section 502(a)(3) of ERISA adds nothing to her 502(a)(1)(B) claim, and because she appears to use its provisions only to assert her claim for equitable relief to "enforce her rights to benefits under the terms of the plan," it is not separately considered. (Doc. No. 21 at 3.)

determination that the Court must make under this standard is whether or not the administrator's decision was based on substantial evidence and is not the result of a mistake of law. See Sandoval, 967 F.2d at 380. In order to make this determination, the "court must evaluate the record as it was at the time of the decision," instead of a record developed after holding a de novo factual hearing on the question of the applicant's eligibility for benefits. See id. The Court has already determined that the present section 502(a)(1)(B) action will be determined under an arbitrary and capricious standard. (Doc. No. 19 at 8 n.5.) Under this standard of review, as the Magistrate Judge recognized, the Court would normally consider only the administrative record in deciding the case.

There are, however, rare exceptions to the general rule stated above. The Magistrate Judge cites LaPointe v. Continental Casualty. Co., a case considered by this Court, for the proposition that in certain exceptional circumstances--like those in which legitimate evidence of partiality exists--where there is a clearly established need for additional information, discovery outside of the administrative record should be allowed. No. CIV-99-1358, slip. op., Doc. No. 20 at 8-9, (D.N.M. April 14, 2000).[5] Kaushal v. UNUM Life Insurance Co. of America is a more instructive case. No. CIV-98-752, slip op., Doc. No. 41 (D.N.M. Sept. 27, 1999). In Kaushal, the Court recognized that a conflict of interests is present "when [the] same entity has the dual

---

[5] In LaPointe, the Court reviewed a section 502(a)(1)(B) claim de novo because the plan administrator in that case did not have sole discretionary authority to determine eligibility for benefits or to construe the terms of the plan. No. CIV-99-1358, Doc. No. 20 at 7. This allowed the Court a wider scope of review than that allowed under the arbitrary and capricious standard applied in this case.

role of making claims decisions and paying benefits out of its own resources."[6]  Id. at 6 (citing Pitman v. Blue Cross & Blue Shield of Oklahoma, 24 F.3d 118, 122 (10th Cir. 1994)).  In Kaushal, the Court, in considering a factual scenario similar to the present case, found that the relationship between UNUM (the plan administrator) and Sandia (the plaintiff's employer) did not give rise to such a conflict because, while Sandia made benefits payments, UNUM was responsible for making determinations on individual claims.[7]  See id. at 6-7.  The same relationship exists between UNUM and Sandia in this case, providing no basis for the allowance of additional discovery outside of the administrative record. (Doc. No. 19 at 8, n.5.)  Plaintiff has not shown any evidence of conflict of interests that would trigger an exception to the general rule that, under an arbitrary and capricious standard, review is limited to the administrative record.  Neither has Plaintiff shown any other exceptional circumstance justifying additional discovery.  As a result, allowing additional discovery in this case would be contrary to law and is prohibited.

**IV.    Conclusion**

Because Plaintiff's Second Amended Complaint fails to state a claim based on section 510 of ERISA, Plaintiff may not conduct additional discovery on that issue.  Plaintiff's section 502

---

[6] Hightshue v. AIG Life Insurance Co. and Ellis v. Metropolitan Life Insurance Co., cases cited by the Magistrate Judge in support of his allowance of additional discovery on the basis of legitimate questions of partiality based on conflict of interest, also dealt with situations where the plan administrator--the entity with the power to determine eligibility for benefits--was the plan's insurer as well. 135 F.3d 1144, 1147 (7th Cir. 1998); 126 F.3d 228, 230 (4th Cir. 1997).

[7] The Kaushal court did not consider conflict of interests in terms of allowance of additional discovery, but in terms of the potential use of a less deferential standard of review.  No. CIV-98-752, Doc. No. 41 at 6 (indicating that a "sliding scale" of deference could be used where the plan administrator acted under a conflict of interests. See Chambers, 100 F.3d at 825-26.).  This difference is unimportant at this point because the Court finds no legitimate evidence of conflict of interests in this case, requiring no determination of whether a less deferential standard of review is required.

claims will be reviewed using an arbitrary and capricious standard which requires consideration of the administrative record only. Because Plaintiff has not made a proper showing of potential partiality based on conflict of interests or any other exceptional circumstance, additional discovery is contrary to law. Hence, Defendant's objections to the Magistrate Judge's order will be granted, and, in so far as it allows discovery outside of the administrative record, the Magistrate Judge's order will be set aside.

IT IS THEREFORE ORDERED THAT the Magistrate Judge's Discovery Order Assigning Standard Track and Setting Pretrial Case Management Deadlines is set aside with respect to the allowance of additional discovery outside of the administrative record.

_____
**UNITED STATES DISTRICT JUDGE**