IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CARMIE COLLEY,**

    **Plaintiff,**

**vs.**                                                         **No. CIV. 99-994 JP/LFG**

**SANDIA NATIONAL LABORATORIES,**
**LONG TERM DISABILITY PLAN,**

    **Defendant,**

## MEMORANDUM OPINION AND ORDER

On February 5, 2001 Plaintiff filed a motion to amend her second amended complaint (Doc. No. 42). That motion will be denied.

Already before the court is Plaintiff's claim for ERISA-covered plan benefits, brought under portions of ERISA section 502, 29 U.S.C. § 1132. The parties and I discussed this claim at a pretrial conference on January 12, 2001, at which time I indicated that I would consider a motion to amend. Plaintiff has now filed a motion to amend, seeking to add to this case a claim under ERISA section 510, 29 U.S.C. § 1140.[1] Section 510 commands employers not to discharge employees in order to interfere with the employees' ERISA rights. Defendant responds with a host of reasons why Plaintiff should not be permitted to file a third amended complaint adding a section 510 claim. Plaintiff does not reply.

Among the reasons Defendant cites is a time bar. Congress did not provide a statutory time limit within which ERISA plaintiffs may bring section 510 claims. When a federal statute

---

[1] Plaintiff's proposed complaint has only one expressly numbered count. However, it has two distinctly different claims: one under section 502 and one under section 510.

lacks a statutory time limit, courts are to apply the most analogous state statute of limitations. Myers v. Colgate-Palmolive Co., 102 F. Supp. 2d 1208, 1224 (D. Kan. 2000) (citing DelCostello v. International Bd. of Teamsters, 462 U.S. 151, 158-60 (1983)).  The gist of Plaintiff's proposed section 510 complaint is that Sandia Corporation caused Plaintiff to resign, which in turn caused Plaintiff to lose ERISA benefits.  The state cause of action most analogous to allegations such as Plaintiff's is a claim for wrongful discharge.  Myers, 102 F. Supp. 2d at 1225 (citing cases from Fifth, Seventh, Ninth, and Eleventh Circuit Courts of Appeals); see also Held v. Manufacturers Hanover Leasing Corp., 912 F.2d 1197, 1205 (finding that section 510 claim most analogous to state law claim of "employment discrimination").  In New Mexico the limitation period for torts is three years.  N.M. Stat. Ann. § 37-1-8; see also Weidler v. Big J Enterprises, Inc., 124 N.M. 591, 598, 953 P.2d 1089, 1096 (characterizing wrongful discharge as a tort); Fernandez v. Char-Li-Jon, Inc., 119 N.M. 25, 28 888 P.2d 471, 474 (Ct. App. 1994) (characterizing section 37-1-8 as the limitation period for torts).

An ERISA section 510 claim accrues at the time of the adverse action described in section 510 (discharge, in this case), not when the plaintiff learns of the ill effects of that adverse action. Held, 912 F.2d at 1205; Myers, 102 F. Supp. 2d at 1225.  Plaintiff was terminated from Sandia Corporation effective October 18, 1995.  Plaintiff filed her first complaint on June 8, 1999, more than three years after her discharge.  It would be futile for Plaintiff to add an untimely claim.  See Gohier v. Enright, 186 F.3d 1216, 1218 (10th Cir. 1999).

Although Defendant proposes additional reasons why amending the second amended complaint would be futile, there is no reason to reach them.  The statute of limitations question alone is dispositive.  Accordingly, leave to amend will be denied.

IT IS THEREFORE ORDERED THAT Plaintiff's motion to amend her second amended complaint is denied.

IT IS FURTHER ORDERED THAT the parties must file cross-briefs, conforming with the court's instructions in the Memorandum Opinion and Order filed on February 20, 2001, on whether there exists substantial evidence to support UNUM Life Insurance Company's decisions to deny disability benefits to Plaintiff, by not later than March 20, 2001.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**